**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 10-cv-00927-LTB-CBS

CHARLES BURGESS,

    Plaintiff,

v.

DELTA AIRLINES, f/n/a NORTHWEST AIRLINES, INC., and
JOHN AND JANE DOES 1-8,

    Defendants.
___

**ORDER**
___

THIS MATTER is before me on Plaintiff's Motion for Determination of Question Law Regarding Statute of Limitations, filed August 13, 2010 (docket #9) and Defendant's Motion for Summary Judgment, filed September 2, 2010 (docket #12). Because the two motions both address the issue of whether Plaintiff's claims are barred by the applicable statute of limitations, I will address them in one order. Oral argument would not materially assist the determination of these motions. For the reasons stated below, Plaintiff's Motion is granted and Defendant's Motion is denied.

    I.    <u>BACKGROUND</u>

On December 26, 2007, Plaintiff traveled to Detroit, Michigan for a job interview. Plaintiff was booked on a flight from Detroit to Colorado Springs that was canceled due to severe weather. He contacted his travel agent to find an alternative flight. The travel agent later returned his call. During the 3:40 p.m. conversation, his travel agent thought something was wrong with Mr. Burgess because he was slurring his speech.

Northwest Airlines booked Plaintiff on a flight from Detroit to Colorado Springs connecting through Minneapolis. At 4:00 p.m., Plaintiff contacted his wife and she asked if he

was slurring his speech. At 5:00 p.m, as Plaintiff stood to board the plane he collapsed. He tried to get up, but, kept falling and he was unable to stand. Two passengers on the flight helped him get up and helped him sit down in the gate area. Other passengers helped clean blood off of Plaintiff's face. He went to the bathroom to clean up.

Upon his return to the gate area, a Northwest Airlines gate agent instructed Plaintiff to sit down. She informed him that he would no longer be sitting in the emergency row. He was directed to walk a straight line, and if he stumbled he would not be allowed to board the plane. Plaintiff complied and was allowed to board the plane. A Northwest Airlines gate agent informed a flight attendant that Plaintiff was drunk.

Plaintiff, bloodied and disoriented, sat in an aisle seat. A flight attendant told him to pick up his bag. He was unable to do so without assistance from another passenger. He asked for juice or food. Northwest Airlines employees refused his request. He boarded a connecting flight in Minnesota to Colorado Springs. One of the flight attendants asked if he was okay and told him that she had been informed about him.

Plaintiff's plane landed in Colorado Springs after 12:00 a.m. local time on December 29, 2007. On December 31, 2007, Plaintiff was not feeling well, so he went to the doctor. A CT scan showed a blood clot in Plaintiff's brain. Doctors determined the clot had been there for a few days. Plaintiff was transported via Flight for Life to Denver. On March 23, 2010, Plaintiff sued Defendant for Negligent Failure to Obtain Emergency Care and Negligent Failure to Give Aid.

II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure permits entry of summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 247-248, 106 S. Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986); *UIHI v. Wharf (Holdings) Ltd.*, 946 F. Supp. 861, 865 (D. Colo. 1996). "Where a defending party pleads a statute of limitation and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to any material fact in connection with such statute, then the motion for summary judgment should be granted." *Borum v. Coffeyville State Bank*, 6 Fed. Appx. 709, 711 (10th Cir. 2001).

III. ANALYSIS

Plaintiff argues that the statute of limitations in this case is three years. Plaintiff notes generally, in Colorado, the statute of limitations for tort claims is two years. See C.R.S § 13-80-102. Plaintiff asserts that C.R.S § 13-80-101(1)(k) applies in this case which provides for a three years statute of limitations for "[a]ll action accruing outside this state if the limitation of actions of the place where the cause of action accrued is greater than that of this state." Plaintiff contends that the statute of limitations for tort action in Michigan is three years. Therefore, according to Plaintiff, pursuant to C.R.S. § 13-801-101(1)(k), the statute of limitations for this case is three years. Plaintiff argues that this tort action accrued in Michigan as Northwest Airlines employees failed and refused to provide Plaintiff with proper medical treatment while he was in Detroit, Michigan at the Detroit International Airport.

Defendant responds by arguing that C.R.S. § 13-82-104 applies to this motion. I will not go into an exhaustive recitation of this argument as the Colorado Supreme Court has already resolved this issue in a case that is directly on point. In *Jenkins v. Panama Canal Railway Co.*, 208 P.3d 238, 243 (Colo. 2009), the court examined the conflict between the two statutes and held that 13-80-101, the later enacted statute, should be applied in a case such as this one. As such, I will next determine whether this action accrued in Michigan or Colorado for purposes of 13-80-101(1)(k).

Plaintiff argues that because of Defendant's alleged failure to assist him, disregard for

3

his condition, and their insistence that he board the plane occurred in Michigan – the action arose in Michigan. Defendant argues, in its conflict of law analysis, that Plaintiff's alleged medical condition could have arisen at any point during the trip as Plaintiff traveled through four states in three days. Defendant goes on to state, even if Plaintiff first experienced symptoms while he was in Michigan, that was entirely fortuitous. Defendant also asserts that the injury likely occurred in Colorado as Plaintiff noticed increasing difficulty with walking and tripped in the Colorado Springs airport. Finally, Defendant argues that the claims could have only accrued in Colorado because Plaintiff's injuries were unknown to him until he returned to Colorado. *See Jones v. Cox*, 828 P.2d 218, 223 (Colo. 1992)("A cause of action accrues on the date that both the physical injury and its cause were known or should have been known by the exercise of reasonable diligence.")

Neither party cited to a case where the Colorado courts specifically addressed what constitutes the place of accrual for the purpose of C.R.S. § 13-80-101(1)(k). I also was unable to locate a case which specifically addressed this issue. Again, *Jenkins* is instructive, "[§ 13-80-102] only assigns limitations periods based on where a case arose and does not consider the applicable substantive law." *Jenkins*, 208 P.3d at 243. I find and conclude that this action arose in Detroit, Michigan. The alleged wrong that gave rise to Plaintiff's Complaint, Defendant's alleged negligent failure to obtain emergency care and give aid, arose in Michigan. Therefore, Michigan's three year statute of limitations applies.

For the reasons stated above, Plaintiff's Motion for Determination of Question Law Regarding Statute of Limitations, filed August 13, 2010 (docket #9) is **GRANTED** and Defendant's Motion for Summary Judgment, filed September 2, 2010 (docket #12) is **DENIED**.

Dated: September 22, 2010.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge