IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00927-LTB-CBS

CHARLES BURGESS,

    Plaintiff,

v.

DELTA AIRLINES, f/n/a NORTHWEST AIRLINES, INC. and John and Jane Does 1-8,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The parties stipulate and agree, through their respective counsel, that documents and other information containing trade secrets, proprietary information, or other confidential commercial, financial, or personal information, shall be produced, disclosed or otherwise provided or made available pursuant to F.R.C.P. 26(c) subject to the following conditions:

1. All documents and things, as defined by F.R.C.P. 34, and other information produced, disclosed or otherwise provided or made available, voluntarily or pursuant to a court order, by or on behalf of any party in this litigation, that are designated CONFIDENTIAL in accordance with this Order, shall be used only for the purposes of this litigation and for no other purpose whatsoever.

2. Any party may designate any document, thing, or other information, including but not limited to deposition testimony and exhibits, portions of the transcript of any deposition, answers or other responses to any interrogatory, requests for admission or other discovery requests, as CONFIDENTIAL under this Stipulated Protective Order where ~~there is a good faith basis for believing that~~ such designation is necessary to protect trade secrets, or other proprietary

or confidential information.  A party may designate a document or other information confidential by stamping it CONFIDENTIAL, or by otherwise specifically designating the information, portions of deposition transcripts or discovery responses as CONFIDENTIAL in writing.  Only the first or cover page of a multiple page document need be stamped CONFIDENTIAL for the entire document to be designated CONFIDENTIAL pursuant to this Order.  **Any designation of material as CONFIDENTIAL under the terms of this Stipulated Protective Order will be subject to the certification requirements in Fed. R. Civ. P. 26(g).**

3.  All deposition transcripts shall be treated as CONFIDENTIAL, in their entirety, for a period of 14 days after receipt, unless otherwise agreed by all parties or ordered by the Court.  If no party designates any portion of a transcript as CONFIDENTIAL, the deposition transcript shall no longer be treated as CONFIDENTIAL.  All parties in possession of any deposition transcript containing information designated as CONFIDENTIAL shall appropriately mark all copies of each such deposition transcript as CONFIDENTIAL.

4.  Any party ~~may~~ **must** object to any other party's designation of any document or information as CONFIDENTIAL within 45 days from the receipt of any such designation, by sending notice of such objection to the designating party in writing, identifying the confidential document or information as to which objection is made.  The designating party shall respond within 14 days from receipt of such notice.  If the parties cannot agree with respect to the treatment to be accorded the document or information that has been designated as CONFIDENTIAL, any party may seek a ruling from the Court with respect to that designation.  The party seeking to maintain the confidentiality of such document or information shall bear the burden of establishing that such status is warranted.  Pending the Court's ruling, the document or information shall be treated as CONFIDENTIAL.

5. All documents and other information that have been designated CONFIDENTIAL shall only be used by the parties in the prosecution or defense of this litigation. CONFIDENTIAL documents and other information shall not be used for any other purpose, or provided or made available to any persons other than the parties and, where applicable:

   a. the officers, directors, and employees of the parties, their insurers, and third-party administrators of their insurers, whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render such assistance;

   b. the attorneys in law firms appearing as counsel of record in this litigation and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

   c. the experts or consultants specifically employed or retained by counsel to prosecute or defend this litigation;

   d. the Court and its personnel, jurors, witnesses at trial or during the course of depositions, stenographic reporters;

   e. and such other persons as the parties may agree to in writing, or as the Court may determine to be appropriate by further order.

6. Except as provided in paragraph 5 of this Order, designated CONFIDENTIAL documents and other information may not be provided or made available to any other person, unless the person desiring to provide or make the documents or information available receives the prior written consent of the producing party, or authorization from the Court. If counsel for a party determines in good faith that it is necessary to provide or make CONFIDENTIAL documents or information available to such a person, he or she shall identify the person in writing to the producing party, as well as the documents and/or information that he or she proposes to provide or make available to that person. If the producing party objects, counsel proposing to provide or make such CONFIDENTIAL documents or other information available to any such person shall not do so unless and until he or she obtains authorization from the Court

in the form of an appropriate order.

7. Notwithstanding any other provision of this Order, no party may provide or make CONFIDENTIAL documents or information available to any person who is a competitor, or an employee or agent of a competitor, of any other party, other than officers, directors and employees of the parties' insurers directly involved in the prosecution or defense of this litigation, without first giving the other parties at least 14 days' notice in writing of his or its intent to do so. This written notice shall identify the person to whom the party proposes to provide or make the CONFIDENTIAL documents or information available, and identify with particularity the CONFIDENTIAL documents or information that the party proposes to provide or make available to that person. If any party objects, in writing, within 14 days of receipt of the notice, the party proposing to provide or make the CONFIDENTIAL documents or information available to such person shall not do so unless and until that party obtains authorization from the Court in the form of an appropriate order.

8. A copy of this Protective Order shall be given to all persons to whom CONFIDENTIAL documents or information are provided or made available. Any person to whom CONFIDENTIAL documents or information are provided or made available, other than those persons described in paragraph 5, shall first execute a Declaration in the form attached to this Order as Attachment A. Any Declaration executed pursuant to this paragraph shall be retained by counsel but need not be provided or made available to opposing counsel except pursuant to further order of the Court.

9. Use of CONFIDENTIAL Information in Court Proceedings: In the event CONFIDENTIAL Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties

through such use. CONFIDENTIAL Information and pleadings or briefs quoting or discussing CONFIDENTIAL Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the CONFIDENTIAL Information at issue is entitled to protection under the standards articulated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-602 (1978)(applied in United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) and Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).

10. CONFIDENTIAL documents and information may be copied only as reasonably necessary for purposes of this litigation. All such copies shall be subject to all terms and provisions of this Order.

11. The provisions of this Order shall not terminate at the conclusion of this litigation. Within sixty (60) days after termination of this litigation, including any appeals, counsel for each party shall:

    a. At the election of the producing party, return to the producing party or destroy all CONFIDENTIAL information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom;

    b. destroy all copies of CONFIDENTIAL information containing notes or attorneys' work product that may have been placed thereon by counsel;

    c. destroy all notes and documents containing their attorney's work product that refer to or incorporate CONFIDENTIAL documents or information; and

      d. furnish to the producing party an affidavit verifying that all provisions of this paragraph 11 have been complied with.

12. This Order shall be binding upon the parties and all other persons who have been provided with or otherwise obtained access to CONFIDENTIAL documents or information, including any future parties to this litigation.

13. Nothing in this Order shall be construed as a waiver of any party's right to object to discovery requests on any grounds recognized under the Federal Rules of Civil Procedure or relevant case law.

14. The parties further stipulate and agree that all CONFIDENTIAL documents and information already produced or disclosed in this case shall be subject to all the terms and provisions of this Stipulated Protective Order.

15. This Order shall remain in full force and effect and shall survive the final determination of this litigation unless modified by an order of the Court.

DATED at Denver, Colorado, this 15th day of December, 2010.

BY THE COURT:

 s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

APPROVED on December 6, 2010:

*s/ Jason Wesoky*                                     *s/ Kevin R. Kennedy*
Jason B. Wesoky, Esq.                      Thomas Byrne, Esq.
Robert E. Markel, Esq.                    Kevin R. Kennedy, Esq.
Franklin D. Azar & Associates, P.C.     Byrne, Knudsen & White, LLP
14426 East Evans Avenue             1120 Lincoln Street, Suite 1300
Aurora, Colorado  80014             Denver, CO 80203
Ph: (303) 757-3300                        Ph: (303) 861-5511
Fax:  (303) 759-5203                     Fax 303 861-0304

ATTORNEYS FOR PLAINTIFF          ATTORNEYS FOR DEFENDANT

# **DECLARATION**

I, _____, do hereby declare that:

I have read and understand the terms and conditions of the Stipulated Protective Order entered in Civil Action No. 10-cv-00927-LTB-CBS, pending in the United States District Court for the District of Colorado regarding CONFIDENTIAL documents and information, and I hereby agree and declare, under penalty of perjury, that I will abide by the terms of that Protective Order.

Executed this _____ day of _____ 20___.

# **ATTACHMENT A**