IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00927-LTB-CBS

CHARLES BURGESS,

    Plaintiff,

v.

DELTA AIRLINES, INC.
f/n/a NORTHWEST AIRLINES, INC., and
JOHN AND JANE DOES 1-8,

    Defendants.

## ORDER ON MOTION FOR LEAVE TO DESIGNATE NONPARTIES AT FAULT

**Magistrate Judge Craig B. Shaffer**

    This matter is before the court on the Motion for Leave to Designate Nonparties at Fault by Defendant Delta Air Lines, Inc. (*doc # 33*), filed February 11, 2011 and referred to me in a memorandum (*doc # 36*) entered February 15, 2011. Plaintiff Charles Burgess filed his Response in Opposition to Defendants' Motion to Designate Nonparty at Fault (*doc # 40*) on February 28, 2011. This court heard argument on the motion during proceedings held March 23, 2011. After reviewing the entire case file, the applicable law, and the parties' arguments in briefing and oral argument, this court will deny Defendant's Motion.

## FACTUAL BACKGROUND

    Plaintiff filed his Complaint in state court on March 23, 2010, and Defendant Delta Air Lines removed this action to federal court on April 23, 2010. In his Complaint, Plaintiff alleged that Defendant

Delta Airlines and Defendants John and Jane Does 1-8, current and/or former employees of Delta,[1] negligently caused Plaintiff injury by failing to recognize that he was having a stroke at the Detroit airport on December 28, 2007 and provide timely aid and emergency medical care, thereby exacerbating the damage caused by his stroke. (*Doc # 1-3*). Defendant's Answer, filed April 27, 2010, asserted among other things that unnamed third parties were wholly or partially responsible for Plaintiff's claimed injuries and damages. (*Doc # 4* at 4).

Under Colorado law, Defendant had 90 days from commencement of the action, or until June 21, 2010, to file notice that a nonparty was wholly or partially at fault. Colo. Rev. Stat. § 13-21-111.5(3)(b). On June 22, 2010, Defendant filed its Unopposed Motion for Extension of Time to Designate Nonparties at Fault (*doc # 5*), which was referred to me on June 24, 2010. In that motion, Defendant requested a new deadline of August 23, 2010 for designating nonparties at fault, stating, "[A]t this time, Delta does not have adequate information to properly designate potential nonparties at fault . . . The requested 60-day extension will allow the parties to obtain and review information and documents basic to this case. . . ." *Id.* at 2. This court issued a minute order on June 30, 2010 granting the extension to August 23, 2010.

Thereafter, discovery proceeded at a sluggish pace. The parties conferred under FED. R. CIV. P. 26(f) on May 27, 2010, but claim they did not complete their Rule 26(f) conference until October 8, 2010. Plaintiff served his initial disclosures under FED. R. CIV. P. 26(a)(1) on June 21, 2010, but Rule 26(a) disclosures were not completed until August 25, 2010. Rather than actively pursuing discovery, the parties appear to have focused their attention on Plaintiff's Motion for Determination of Question of Law Regarding Statute of Limitations, filed August 13, 2010, and Defendant's Motion for Summary Judgment,

---

[1] To date, no individual employees have been named in this action. Thus, the court refers herein to "Defendant," meaning Delta Air Lines, Inc.

filed September 2, 2010. Defendant did not serve its first set of interrogatories and requests for production until October 26, 2010. Meanwhile, the August 23 deadline for Defendant to file its nonparty designations quietly passed.

Plaintiff responded to Defendant's first set of interrogatories and requests for production on December 13, 2010, 48 days after service. Asked in interrogatory 18 whether he had "filed an action or made a written claim or demand for compensation for personal injuries" in the last ten years, Plaintiff answered "No." (*Doc # 33-2* at 9). However, when Defendant deposed Mr. Burgess on January 11, 2011, he testified that he was involved in a class action lawsuit against SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GlaxoSmithKline"), the manufacturer of the medication Avandia, and that the same attorneys represented him in that class action and this case. (*Doc # 33-3* at 5-6; *doc # 33* at 3) (identifying the class action as Multidistrict Litigation 1871, consolidated as *In re Avandia Marketing, Sales Practices and Products Liability Litigation* in the United States District Court for the Eastern District of Pennsylvania). Mr. Burgess further testified that he and one of his doctors believed that Avandia was responsible for the blood clot that caused his stroke and led to the alleged injuries forming the basis of the current action against Delta. (*Doc # 33-3* at 3, 4-5). Defendant claims that this deposition testimony was its first indication that Avandia and GlaxoSmithKline might be wholly or partially responsible for Plaintiff's alleged injuries. (*Doc # 33* at 1-2).

Even after learning about the possible responsibility of Avandia and GlaxoSmithKline, Delta did not file the instant motion to designate nonparties until February 11, 2011, a full month later. Defendant's motion was referred to me on February 15, 2011, and Plaintiff filed his response on February 28, 2011. This court heard oral argument on the motion on March 23, 2011. At oral argument, Plaintiff's counsel represented that although Mr. Burgess had at first declined to sign the medical releases Defendant had

3

served with its October 26, 2010 requests for production, he had since provided signed medical releases and all the information he had in connection with his potential claim against GlaxoSmithKline.

## ANALYSIS

Colorado's pro rata liability statute provides that "[n]egligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action *unless the court determines that a longer period is necessary*." Colo. Rev. Stat. § 13-21-111.5(3)(b) (emphasis added). This action commenced on March 23, 2010 with the filing of Plaintiff's Complaint, and the 90-day period for designating nonparties at fault expired on June 21, 2010. Thus, Defendant's June 22, 2010 Unopposed Motion for Extension of Time to Designate Nonparties at Fault was untimely. Nevertheless, this court granted Defendant's requested extension to August 23, 2010. The question is whether it was necessary for Delta to wait until February 11, 2011 to designate GlaxoSmithKline as a nonparty at fault.

The burden of showing the necessity of a longer period for designating nonparties at fault logically falls on Defendant. *See Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 83-84 (Colo. 2001) (en banc) (discussing a defendant's failure to justify an untimely nonparty designation). Delta's necessity argument rests on its contention that it could not have identified GlaxoSmithKline's possible responsibility for Plaintiff's injuries prior to the January 11, 2011 deposition because of (1) Plaintiff's misleading response to Defendant's interrogatories and (2) Plaintiff's refusal to execute releases for his medical records.[2] (*Doc # 33* at 3-5).

---

[2] Under FED. R. CIV. P. 34, Defendant did not have the right to compel Mr. Burgess to produce records which were held by medical providers and therefore outside his control. *See, e.g., Neal v. Boulder*, 142 F.R.D. 325 (D. Colo. 1992); *Shaw v. Mgmt. & Training Corp.*, No. 04-2394-KHV-DJW, 2005 WL 375666 at *2 (D. Kan. 2005).

4

As incomplete as Plaintiff's discovery responses may have been, they do not establish the "necessity" for Defendant to delay its nonparty designations for nearly a year after commencement of the action. The statutory allowance for an extension based on necessity recognizes that "[t]he natural course of litigation may prevent a defendant from developing a well-founded designation until after the 90-day period has run." *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 (D. Colo. 1989). Defendant's Answer evinced its awareness of potential nonparty liability and the 90-day deadline as early as April 27, 2010. (*See doc # 4* at 4). Nevertheless, Defendant made no significant effort to identify potential nonparties on a timely basis. Even assuming that Defendant was unlikely to have identified the possible fault of GlaxoSmithKline or Avandia without Plaintiff's help, we must consider whether Defendant took action reasonably calculated to unearth the needed information.

At oral argument, Defendant's counsel represented that it had conducted early informal discovery to identify potential nonparties at fault. However, these efforts fell far short of what would have been needed to provide the basis for designating nonparties by the August 23, 2010 deadline Defendant itself had requested. Delta could have commenced formal discovery after the parties first conferred under FED. R. CIV. P. 26(f) on May 27, 2010, but did not serve its interrogatories until October 26, 2010. Fed. R. Civ. P. 26(d). Had Defendant served its interrogatories before the deadline it proposed, it would be in a much stronger position to complain that Plaintiff's deficient response prevented a timely designation. Delta was not prejudiced by the August 23, 2010 deadline, but rather by its complete failure to pursue formal discovery of any kind.

Even after Plaintiff's deposition revealed the possible role of Avandia in causing his injuries, Defendant waited another month before filing its motion seeking to designate GlaxoSmithKline as a nonparty at fault. At oral argument, defense counsel contended that his client did not have sufficient

information to make the designation before the date it filed the instant motion. However, the statute requires only that the designation contain the "nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b). Colorado state courts have held that the designation need not prove negligence, but must "connect[] alleged facts with the established elements of negligence," specifically, "the existence of a duty, a breach of that duty, causation, and damages." *Redden*, 38 P.3d at 81, 80 (citing *Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 606 (Colo. Ct. App. 2000) and *Observatory Corp. v. Daly*, 780 P.2d 462, 465 (Colo. 1989)). Here, Defendant had everything it needed after Mr. Burgess's deposition. (*See doc # 33-3* at 3-6).

Essentially, Defendant would have the court read the word "necessary" out of the pro rata liability statute. Having granted Defendant's requested extension to designate nonparties by August 23, 2011, the court was entitled to expect that Delta would work diligently either to meet that date or to make a timely showing why a further extension was necessary. To the extent that any adverse consequences flow from Delta's failure to act, they should be borne by Defendant.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Leave to Designate Nonparties at Fault (*doc # 33*) is DENIED.

DATED at Denver, Colorado, this 28th day of April, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge